United States District Court
Western District of Missouri

Case No.

Robert Taylor )
Plaintiff )
V. )
 )
 ) **complaint**
The City of Three Rivers )
a political subdivision and )
Justin Holbrook an individual )
Defendants )

## Introduction

1. This is a civil rights action filed by Robert Taylor whose rights under the first, fourth, and fourteenth Amendments to the United States Constitution were violated when his residence was wrongfully searched by Saint Joseph County Michigan drug task force.

2. This complaint alleges that Justin Holbrook of Three Rivers Police Department and the City of Three Rivers Michigan, violated Title II of the Americans With Disabilities Act("ADA"), 42 U. S. C. Sections 12131 – 12134, when Defendant Justin Holbrook failed to reasonably accommodate Plaintiff Robert Taylor's disabilities during an January 16, 2018, interaction that initiated surveillance and search of Plaintiff Robert Taylor's domicile on Janurary 31, 2018.

3. Defendant Justin Holbrook and the City of Three Rivers Michigan failed to prevent Saint Joseph County Michigan Law Enforcement Officer Brandon Dahl From using a task force consisting of Three Rivers and Saint Joseph County law enforcement officers to repeatedly trespass the posted property of Robert Taylor, eventually and unlawfully illegally entering his residence.

(1)

4. That the actions of Defendant Justin Holbrook and Brandon Dahl did perpetuate the discrimination of Saint Joseph County, Michigan Sheriff's Department deputy reserve John David Overton, parties known to each other and residents of City of Three Rivers.

5. That when conducting the search, law enforcement officials did, based on disability, inflict extreme duress upon Robert Taylor, causing pain and suffering.

6. This is an action for money damages brought pursuant to 42 U. S. C. Sec. 1985(3), the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, ADA Title II 12131-12134, and under the common law of the State of Michigan against the City of Three Rivers and Justin Holbrook.

## JURISDICTION AND VENUE

7. This action arises under federal law and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

8. The jurisdiction of this court is invoked pursuant to 28 U. S. C. Sections 1331, 1332, and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U. S. C. Section 1367. 5. Venue is proper in this district because it is where Robert Taylor resides.

9. The defendant City of Three Rivers is a Municipal Corporation in the State of Michigan.

10. The defendant Justin Holbrook is a law enforcement officer working as a police officer for the City of Three Rivers, Michigan and is otherwise sui juris.

(2)

## THE PARTIES

11. Plaintiff Robert Taylor is 64 years of age. Robert Taylor is known to suffer from physical and mental health disabilities.

12. That because of disability, Plaintiff Robert Taylor is known to utilize a walking aid while being be accompanied by a service companion.

13. That because of disability, Plaintiff Robert Taylor relies on St. Joseph County Transit service at his residence.

14. At the time of the incident Plaintiff Robert Taylor had been a resident of Three Rivers, Michigan for a period of less than 90 days.

15. That prior to his move to Three Rivers Michigan, Plaintiff Robert Taylor was an unknown individual to the City of Three Rivers and its entities.

16. Defendant City of Three Rivers is a political subdivision of the State of Michigan.

17. Defendant City of Three Rivers has denied Plaintiff Robert Taylor any opportunity of impartial adjudication.

18. Defendant police officer Justin Holbrook was at all times relevant to this complaint a certified law enforcement in the State of Michigan. At the time of this incident, he was duly appointed and acting as a police officer of the City of Three Rivers Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, custom and usages of the State of Michigan and/or the City of Three Rivers Police Department.

(3)

19. At the time of the incident, Defendant Justin Holbrook in addition to his regular duties as a law enforcement official, was assigned duties of ordinance enforcement and animal control the City of Three Rivers, Michigan

20. At all material times, Defendants City of Three Rivers and Justin Holbrook were engaged in conduct that was the proximate cause of the violations of plaintiff's federally protected rights and damages suffered there from.

21. Brandon Dahl is an employee of Saint Joseph County, Michigan.

22. Brandon Dahl is a member of the Saint Joseph County Sheriff's Department drug task force.

23. John David Overton is a Saint Joseph County Sheriff Deputy reserve law enforcement officer.

24. John David Overton is known to Defendants Justin Holbrook and the City of Three Rivers.

25. Prior to the incident John David Overton was operating a commercial enterprise in the residential zoned district of which the Plaintiff Robert Taylor resides.

26. This enterprise was a trucking operation being conducted on City of Three Rivers property and the private property of John David Overton.

27. That this operation of commercial enterprize blocked access by public transportation vehicles to the residence in which the Plaintiff Robert Taylor resides.

28. That the Plaintiff Robert Taylor requested the City of Three Rivers address the zoning violations of John David Overton.

(4)

29. Saint Joseph County Sheriff deputy reserve John David Overton, with uncles Don Grady Overton, and Michael James Overton, did initiate a pattern of conduct retaliating for complaint to City of Three Rivers Zoning Commission by the Plaintiff Robert Taylor.

31. All three parties are known to Justin Holbrook and City of Three Rivers.

## STATEMENT OF FACTS

### A.  Request for reasonable accommodations.

32. On or about January 13, 2018, Plaintiff Robert Taylor alerted defendant Justin Holbrook to ongoing harassment by the Overton's.

33. Defendant Justin Holbrook was verbally advised the Overton's were seeking to discriminate against Plaintiff Robert Taylor because of disability.

34. Defendant Justin Holbrook was verbally advised the Overton's were retaliating for the cessation of the commercial operation conducted in residential area.

35. On January 16, 2018, Plaintiff Robert Taylor did in writing to the city of three Rivers request reasonable accommodations for access to public transportation.

37. On January 16, 2018, Plaintiff Robert Taylor did in writing to Defendant Justin Holbrook, advised Defendantt Justin Holbrook of the immunities given Plaintiff Robert Taylor by the possession of a Michigan medical marijuana program card.

38. On January 17, 2018, the Defendant City of Three Rivers, Michigan did immediately begin surveillance of the Plaintiff Robert Taylor.

### B.  On Janurary 31, 2018: The search at 708 Tenth St.

39. On janurary 31, 2018, Robert Taylor was receiving services from Three Rivers Public Library when he received a call from Saint Joseph County Michigan Sheriff Deputy Brandon Dahl.

40. Brandon Dahl did inform plaintiff Robert Taylor that he, Brandon Dahl, was in Robert Taylor's house at 708 Tenth St. in the City of Three Rivers, Michigan.

41. Brandon Dahl did then deny plaintiff Robert Taylor services at Three Rivers Public Library.

42. Brandon Dahl did demand the immediate presence of Robert Taylor at his residence at 708 Tenth St. in the City of Three Rivers MI.

43. Plaintiff Robert Taylor was denied reasonable accommodations when forced by the threat of arrest to bicycle the mile to his residence while being accompanied by service companion.

44. Plaintiff Robert Taylor upon arrival at his residence at 708 Tenth St in the City of Three Rivers, Michigan finds various personnel of the Saint Joseph County drug task force in his residence.

45. Brandon Dahl claimed the door of the residence owned by Plaintiff Robert Taylor was unlocked.

46. Brandon Dahl claimed a marijuana leaf in front yard of residence owned by Plaintiff Robert Taylor was cause for search.

47. Brandon Dahl did then attempt to harass Plaintiff Robert Taylor for minimal amount of medical marijuana found in the residence.

48. This harassment motivated by possession of medical marihuana card by Plaintiff Robert Taylor.

49. Verification of Plaintiff Robert Taylor's status as registered participant in the State of Michigan's medical marijuana program was performed.

(6)

### C. The City of Three Rivers history of misconduct

50. City of Three Rivers Police Department personnel were observed by the Plaintiff Robert Taylor on repeated occasions surveilling property at 708 10th St Three Rivers MI.

51. City of Three Rivers Police Department denies involvement in the search of Plaintiff Robert Taylor's residence.

52. The City of Three Rivers Police Department denies Plaintiff Robert Taylor access to complaint process including ADA title II.

53. Saint Joseph County Sheriff's Department claims any photographs taken during investigation were uploaded to OneDrive by Three Rivers Police Department and are therefore inaccessible to Freedom of Information Act request submitted by Plaintiff Robert Taylor to the County of Saint Joseph.

54. Three Rivers Police Department denied Plaintiff Robert Taylor reasonable accommodations by refusing to accompany City of Three Rivers water department employee on January 30, 2018 service call at the residence of Plaintiff Robert Taylor.

55. Three Rivers Police Department, and it's employee Dawn Rice, had previous to the incident On January 31, 2018, submitted a false accident report to the state of Michigan in a failed effort to ticket Plaintiff Robert Taylor for being involved in a minor traffic accident with Harvey Lavergne Marshburger, a person known to the City of Three Rivers.

(7)

56. Three Rivers Police Department had previous to the incident on January 31, 2018, attempted to cite Plaintiff Robert Taylor for a covered motor vehicle on his property at the bequest of Michael James Overton.

57. Three Rivers Police Department had previous to the incident on January 31, 2018, allowed officer Fuller and officer Dibble to illegally detain Plaintiff Robert Taylor, causing a loss of liberty while performing unlawful background check.

58. The Three Rivers Police Department had previous to the incident on January 31, 2018, denied Plaintiff Robert Taylor accommodations and relief from the harassment of Don Grady Overton on or about December 16, 2017.

## Count I
**42 U. S. C. Section 1983 First Amendment violation for retaliation against Defendant Holbrook**

56. Plaintiff realleges paragraphs 1 through 58 and incorporates them by reference herein.

57. While defendants Justin Holbrook and was acting under color of law As a police officer for the City of Three Rivers, he deprived plaintiff Robert Taylor of rights secured to him under the First Amendment of the United States of Constitution.

58. The defendant Justin Holbrook unlawfully and without cause initiate the unlawful search of the plaintiff Robert Taylor's resident in retaliation for the use of free speech.

59. That the plaintiff Robert Taylor suffered injury as a result of the unlawful search.

60. That the conduct of defendant Justin Holbrook violated plaintiff Robert Taylor's right to free speech as guaranteed by the 1st and 14th amendments to the Constitution of the United States and for which 40 2U. S. C. Section 1983 provides a remedy.

(8)

**Wherefore**, plaintiff respectfully requests this court to award parentheses (a) reasonable and Appropriate compensation to read damages, (b) unity damages against defendant Justin Holbrook (c) plaintiffs costs, expenses and reasonable attorney fees pursuant to 40 2U. S. C. Section 1988 and (d) such other and further relief as this court deems necessary and proper.

## Count II

**42 U. S. C. Sec. 1983. 14th amendment violation against Defendant Justin Holbrook**

61. Plaintiff realleges paragraphs 1 through 58 and incorporates them for by reference herein.

62. While defendant Justin Holbrook was acting under color of law as a police officer for the City of Three Rivers, he deprived Plaintiff Robert Taylor of rights secured to him under the 14th amendment to the United States Constitution.

63. Defendant Justin Holbrook did unlawfully deprive Robert Taylor immunities of the citizens of the United States while denying equal protection of laws.

64. Plaintiff Robert Taylor suffered damages and injury as a result of the deprivation of immunities.

65. Wherefore, the plaintiff respectfully requests this court to award (a) reasonable and appropriately compensated degree damages, (b) punitive damages against defendant Justin Holbrook, and (c) plaintiffs costs expenses and reasonable attorney fees pursuant to 42U. S. C. Section 1988 and (d) such other and further relief as this court deems necessary and proper.

## Count III

**42 U. S. C. Section. 1983 fourth amendment violation against defendant Justin Holbrook**

66. Plaintiff realleges paragraphs 1 through 58 and incorporates them by reference herein.

67. While defendant Justin Holbrook was acting under color of law as a police officer for the City of Three Rivers, he deprived plaintiff Robert Taylor of rights secured to him under the fourth amendment to the United States Constitution.

68. Defendant Justin Holbrook unlawfully and without cause, deprived plaintiff of his right to be secure against unreasonable searches.

(9)

69. That the conduct of Justin Holbrook violated Robert Taylor's established right to be immune from en route unreasonable search of his house as guaranteed by the fourth amendment to the Constitution United States and for which 42 U. S. C. Section 1983 provides a remedy.

Wherefore, plaintiff respectfully requests this court to award (a) reasonable and appropriately compensated Tory damages, (b) punitive damages against defendant Justin Holbrook, (c) plaintiffs costs and expenses and reasonable attorney fees pursuant to 40 2U. S. C. Section 1988 and (d) such other and further relief as this court deems necessary and proper.

## Count IV

**42 U. S. C. Section 1983, Americans With Disabilities Act, title II against defendant Justin Holbrook**

70. Plaintiff realleges paragraphs 1 through 58 and incorporates them by reference herein.

71. While defendant Justin Holbrook was acting under color of law as a police officer for City of Three Rivers, he deprived plaintiff Robert Taylor of his rights pursuant to Americans With Disabilities Act title II.

72. The defendant Justin Holbrook unlawfully and without probable cause did retaliate against plaintiff Robert Taylor for exercising his rights under the ADA.

73. That the plaintiff Robert Taylor suffered injury as a result of this retaliation.

74. The conduct of defendant Justin Holbrook violated plaintiff Robert Taylor's establish right to be free from retaliation or coercion as guaranteed by Americans with disability act title II, §§ 12131 – 12134 and for which 40 2U. S. C. Section 1983 provides a remedy.

Wherefore, plaintiff respectfully requests this court to award (a) reasonable and appropriate compensatory damages, (b) punitive damages against defendant Justin Holbrook, (c) plaintiffs costs, expenses and reasonable fees pursuant to 42 U. S. C. Section 1988, and (d) such other and further relief as this court deems necessary and proper.

## Count V

**State tort of negligent supervision and retention against defendant City of Chree Rivers**

75. Plaintiff Robert Taylor realleges paragraphs 1 through 74 and incorporates them by reference Herein.

(10)

76. The defendant city has a duty to protect individuals from acts of retaliation and loss of immunity by police officers the city employees.

77. During the course of the city's employment of defendant Justin Holbrook, the city knew or had reason to know that defendant Holbrook was conducting himself in the interest of self and others.

78. The city breached its duty of reasonable care by:(a) ignoring the actions of Justin Holbrook as a police officer; (b) failing to restrain defendant Justin Holbrook for committing acts of misconduct including unreasonable search against the disabled members of the public; (c) failing to train and or retrain defendant Justin Holbrook and (d) failing to properly supervise and counsel defendant Holbrook

79. As a direct and proximate cause of the wrongful acts and omissions of the defendant city, plaintiff Robert Taylor suffered damages.

80. Wherefore, plaintiff respectfully requests this court to award (a) reasonable and appropriate compensatory damages,(b) plaintiff's costs and expenses and reasonable attorneys fees pursuant to 42 U.S.C. Section 1988, and (c) such other and further relief as this court deems necessary and proper.

## Demand for jury trial

**Plaintiff Robert Taylor hereby demands a jury trial as to all issues triable by a jury.**

Respectfully submitted,

BY: Robert Taylor
rmt99975@yahoo.com
2546 W. Lincoln St.
Springfield, MO. 65806
269-503-5338

(11)