UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

ROBERT TAYLOR,

    Plaintiff,                                    Case No. 1:21-cv-355

v.                                               HON.  HALA Y. JARBOU

THE CITY OF THREE RIVERS,
A political subdivision and
JUSTIN HOLBROOK, an individual,

    Defendants.
_____

| Robert Taylor (pro per) | Michael S. Bogren (P34855) |
|---|---|
| 2546 W. Lincoln St. | Attorney for Defendants |
| Springfield, Missouri  65806 | PLUNKETT COONEY |
| 269-503-5338 | 333 Bridge Street, NW, Suite 530 |
| Rmt99975@yahoo.com | Grand Rapids, Michigan  49504 |
| | (269) 226-8822 |
| | mbogren@plunkettcooney.com |

_____

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for **July 12, 2021 at 10:30 a.m. via Zoom** before the Honorable Ray Kent. Appearing for the parties will be Robert Taylor (Pro Se) for Plaintiff and Michael S. Bogren for Defendants.

    1.    **Jurisdiction**: The basis for the Court's jurisdiction is 28 U.S.C. § 1331 as a civil action arising under the Constitution and laws of the United States. There are no objections to jurisdiction.

    2.    **Jury or Non-Jury**: This case is to be tried before a jury.

    3.    **Judicial Availability**: The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case.

    4.    **Statement of the Case**:

**Plaintiff**: It is plaintiff's position that the motion to dismiss under Rule 12(b)(6) filed by the defendants be denied for the plaintiff has stated multiple claims of relief in six counts based upon facts revealed in the amended complaint filed by the plaintiff.

Plaintiff finds it intriguing that the defendant Justin Holbrook claims no presence during the search while Saint Joseph County dispatch records, and Three Rivers Police Department records, clearly indicate the presence of officer Anthony Fuller badge # 6114, Ofc. Corey Czaika, badge #6122, and Justin Holbrook, badge # 6140 and #6124 at plaintiff's address.

The Plaintiff had made no claim as to the presence of Justin Holbrook. The defendant's spoliated statement of the case denies the presence of another TRPD officer inside plaintiffs' domicile.

Defendants assert the act of communicating to Holbrook that the plaintiff was in possession of a medical marijuana card is not free speech as it was not based on a matter of public concern. This is contradicted by paragraphs 32 – 35 of Amended Complaint clearly stating the discussion that occurred at Robert Taylor's dwelling as a matter of public concern as it addressed;

    (a)    inaccessibility to public transportation by disabled individual

    (b)    the involvement of the plaintiff taking part in an official process as a witness with whom 4 other individuals also protested the infractions, (1985(2)(3)),

    (c)    the retaliation of the Overton's for the participation in official process by the plaintiff and

    (d)    offered Justin Holbrook immediate opportunity to verify plaintiffs' possession of a patient registry card in a setting integral to Plaintiff's disabilities, his residence.

Justin Holbrook, City of Three Rivers ordinance officer, was present at residence of the plaintiff several times in the presence of operating commercial enterprise.

The defendant discarded his duty of care when refusing obligation to diligently perform functions of his position by allowing this illegal operation to continue for months despite being prohibited by city ordinances and ADA regulations requiring immediate cessation of actions denying services to the plaintiff because of disability.

Plaintiff's allegations are supported by written discussion with heads of Departments whom actually found the need to apologize to the plaintiff for the presence of such a blatant zoning infraction by John David Overton, and the retaliation being administered by the Overton "gang".

Justin Holbrook and Cory Czaika's duty of loyalty protecting the interest of those persons served above all others, including themselves, was discarded in preference of initiating a pattern of prohibited retaliatory acts including the warrantless entry upon the plaintiffs' posted property performing an unlawful arrest of the plaintiff using unsubstantiated statements made by "Overton gang". At the time of arrest of the plaintiff, the statements by Overton gang had already been disproved in 45th Judicial Court based upon video evidence of an assault upon the plaintiff.

Anthony Fuller, at the bidding of Don Grady Overton, would also perpetuate the retaliation of the Overton Gang by entering the plaintiff's posted property without exigent circumstances or warrant, ignore verbal orders to leave, and would be videoed harassing the plaintiff while acknowledging his awareness of plaintiff's patient status.

A civil right is an enforceable right or privilege, which if interfered with by another gives rise to an action for injury. Discrimination occurs when the civil rights of an individual

is denied or interfered with because of the individual's membership in a particular group or class, in this particular case that being a qualified individual under the Americans with Disabilities Act, thus a violation of XIV Amendment.

Michigan medical marijuana program section 6, (h)(4), "for a person, including an employee contractor or official of the marijuana regulatory agency, or another state agency or local unit of a government who discloses confidential information in violation of this act is guilty of a misdemeanor".  The Michigan medical marijuana act immunity clause states: "a qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution or penalty in any manner, or denied any right or privilege".

MCL 333.26426(g), "possession of registry identification card shall not constitute probable cause or reasonable suspicion to search or seize or otherwise subject person or property to inspection", thusly per 42 U.S.C. Code 12132, discrimination is an immunity given by XIV Amendment, and the search "unreasonable" under the IV Amendment.

Plaintiff asserts in United States vs. Jones, that the act of trespass conjoined with an attempt to gather information violates the fourth amendment.  Plaintiff also asserts the search was not performed in the proper scope of a "knock and talk" while citing Florida vs. Jardines.  The impropriety of the knock and talk is further substantiated by Brandon Dahl having my phone number per TRPD, the application for warrant by Brandon Dahl containing statements the plaintiff made to Justin Holbrook verbatim, and statements of perjury by Brandon Dahl as disproved by documents in plaintiffs' possession.

As Defendant Justin Holbrook was derelict in his discretionary duties and not acting within the scope of his authority by warning with the Constitution when violating the rights of the plaintiff and therefore is not entitled to official immunity.  Section 35.178 states

4

provisions of section 502 of the Americans with Disability Act that a state is not immune under the 11th amendment to this Constitution of the United States from an action in federal or state court for violations of the Act, and the same remedies are available for any such violations as are available in an action against an entity other than a state, therefore the Defendants are not immune to litigation for failing to administer the Act, supervise law enforcement personnel in observing the Act, nor make an effort prohibiting employees from committing further acts of discrimination.

**Defendant**: It is the Defendants' position that Plaintiff's claims should be dismissed for failure to state a claim for relief. The defendants have filed a Motion to Dismiss under Rule 12(b)(6). The Plaintiff's First Amendment retaliation claim fails because the search that was allegedly conducted in retaliation for Plaintiff exercising his First Amendment rights was conducted by a St. Joseph County Sheriff's Deputy and Defendant Justin Holbrook was not present. Moreover, the Plaintiff's act of communicating to Holbrook that Plaintiff possessed a medical marijuana card is not speech on a matter of public concern. The Fourteenth Amendment claim also fails as a matter of law as the Plaintiff fails to identify a privilege or immunity with which Holbrook interfered. The Fourth Amendment claim fails as a matter of law because there is no allegation Holbrook participated in a search. The ADA claim against Holbrook fails as matter of law because individuals are not subject to suit under Title II of the ADA. The Fourth Amendment claim against the City of Three Rivers fails as the Plaintiff alleges no facts demonstrating (1) a constitutional violation or (2) that the City's policy, practice, or custom was the moving force behind a constitutional violation. Finally, the state law claims of negligent supervision and negligent retention against the City are barred by governmental immunity.

5. **Prospects of Settlement**: The parties have not yet engaged in any settlement discussions.

6. **Pendent State Claims**: This case does include pendant state claims. The Plaintiff has alleged claims of negligent supervision and negligent retention against the City of Three Rivers.

7. **Joinder of Parties and Amendment of Pleadings**: The parties expect to file all motions for joinder of parties to this action and file all motions to amend the pleadings by August 13, 2021.

8. **Disclosures and Exchanges**:

   **(a)** The parties propose initial disclosures under Rule 26(a)(1) be made by August 13, 2021.

   **(b)** The Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by October 15, 2021. The Defendants expect to be able to furnish the names of Defendants' expert witnesses by November 15, 2021.

   **(c)** It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports should be exchanged pursuant to the following schedule: From Plaintiff to Defendants by November 15, 2021. From Defendants to Plaintiff by December 15, 2021.

   **(d)** The parties are unable to agree on voluntary production at this time.

9. **Discovery**: The Defendants will move to stay discovery pending resolution of the pending Rule 12(b)(6) motion. In the event discovery is not stayed, the parties believe that all discovery proceedings can be completed by **January 14, 2022**.

10. **Disclosure of Electronically Stored Information**: The content of electronically stored information will be produced on disc or thumb drive and sent via e-mail. If e-mail is unavailable, the parties will provide the disc or drive by regular mail.

11. **Assertion of Claims of Privilege After Production**: The parties will use the procedures contained in Fed. R. Civ. P. 26(b)(5)(B).

12. **Motions**: The parties acknowledge that Local Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed. The following dispositive motions are contemplated by each party:

**Defendants**: A Motion to Dismiss under Rule 12(b)(6) has been filed. If that motion is denied, the Defendants contemplate filing a motion for summary judgment after the close of discovery.

The parties anticipate that all dispositive motions will be filed by **February 18, 2022.**

13. **Alternative Dispute Resolution**: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: Settlement Conference with Magistrate Judge.

14. **Length of Trial**: The parties estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for Plaintiff's case, 1.5 days for Defendants' case.

15. **Electronic Document Filing System**: Counsel for the Defendants participates in the Court's CM/EMF system. The Defendants' counsel understands that documents must be filed electronically but must also be served on the plaintiff in the traditional manner.

16. **Other**:

Dated: 7/8/21

BY: _____
Robert Taylor (Pro Se)

PLUNKETT COONEY

Dated: 7/8/21

/s/Michael S. Bogren
Michael S. Bogren (P34835)
Attorney for Defendants

Open.00560.11124.26718087-1